**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

MARCO ANTONIO GARCIA MARTINEZ,

Petitioner,

v. Case No. 1:26-cv-02603 KWR-GBW

WARDEN, *Cibola County Correctional Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER**

**THIS MATTER** comes before the Court on Petitioner's post-judgment Motion for Temporary Restraining Order (Doc 15). Petitioner requests that the Court issue a temporary restraining order to stop his removal so that he may challenge or reopen his final removal order. As explained below, Petitioner failed to show a substantial likelihood of success on the merits. Therefore, the Motion is **DENIED**.

On September 21, 2026, the Court granted in part Petitioner's Petition and granted him a bond hearing. The Court entered judgment. It appears the bond hearing was held. The immigration judge denied bond or release. He reasoned that Petitioner is a danger based on his domestic violence history. Doc. 16-2 at 1. Alternatively, he found that Petitioner is a flight risk. *Id.*

On November 2, 2026, more than a month after the entry of judgment in this case, Petitioner moves for the Court to stay his removal so that he can seek to reopen his removal proceedings. He appears to assert that his removal order was obtained because his prior immigration counsel was ineffective. He seeks a temporary restraining order prohibiting his removal while he seeks to reopen his removal proceedings. But his Motion does not challenge the Court's habeas decision or the immigration judge's bond decision.

Like a preliminary injunction, a temporary restraining order will not be granted unless the movant shows that: (1) the movant has a substantial likelihood of prevailing on the merits; (2) the movant will suffer irreparable injury unless the injunction or restraining order is issued; (3) the threatened injury outweighs the harm the injunction or restraining order might cause the adverse party; and (4) the injunction or restraining order, if issued, would not be adverse to the public interest. *See Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). A movant is not able to show the existence of an irreparable injury if he has an adequate remedy at law to address the alleged harm. *See Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1353 (10th Cir. 1989).

Any right to relief must be clear and unequivocal. *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). A temporary restraining order is appropriate when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Court denies the Motion on the following independent grounds.

*First*, the Court notes that Petitioner has not requested or demonstrated grounds to set aside judgment under Rules 59 and 60. He does not seek a stay pending any attempt to set aside the judgment in this habeas case or for an appeal of the habeas judgment. Rather, his motion is unrelated to any detention issue in this case.

*Second*, the sole purpose of the TRO motion is to aid a challenge to his removal order, and the Motion has no bearing on any detention issue in this closed habeas case. But "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Moreover, "courts have held that the jurisdiction-stripping provisions apply to indirect challenges to the merits of a removal order." *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1274 (10th Cir. 2018). "In an unpublished case, we held that a district court lacked jurisdiction over a similar habeas claim because 'the challenge to [petitioner's] detention is grounded in the removal order rather than based on some inherent problem with the detention itself.' " *Gonzalez-Alarcon*, 884 F.3d at 1275 (quoting in part *Essuman v. Gonzales*, 203 Fed.Appx. 204, 211–12 (10th Cir. 2006) (unpublished)).

"However, § 1252 is not implicated by a request for a temporary injunction to stay a detainee's removal during the **pendency** of a habeas proceeding challenging the legality of the detention **without contesting** the underlying removal order." *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *13 (10th Cir. Oct. 21, 2026) (emphasis added).

Here, however, this habeas proceeding is not pending, no detention issues herein are pending, and Petitioner does not assert that he seeks to challenge this Court's order granting his habeas petition. Petitioner does not seek to stay his removal while the Court adjudicates his detention issues in this habeas petition. His Motion for TRO also does not "challeng[e] the legality

of his detention." *Id*. Thus, any stay of removal in this case would not be in aid of this Court's jurisdiction to adjudicate detention, but would be in aid of his challenge to his removal order.

In sum, the Motion for TRO has no bearing on any detention issue or claim in this case. Rather, Petitioner seeks a stay so that he can contest or set aside the removal order because he believes the removal order was obtained through ineffective assistance of counsel.

In an attempt to tie the Motion to a detention issue, Petitioner asserts that Respondents failed to file a status report in violation of the Court's order. But the Court did not order Respondents to file a status report on the bond hearing, and therefore Respondents did not violate this Court's order. *See* Doc. 12. Petitioner also did not argue or demonstrate that Respondents failed to comply with the Court's order directing a bond hearing. He does not argue or explain how the bond hearing or decision was inadequate. In the alternative, Respondents filed the written bond decision, and it appears the bond decision complies with this Court's order.

*Third,* in the alternative, to the extent the Court has discretion to stay his removal, the Court would decline to issue a TRO because Petitioner does not tie his request to any issue pending in this habeas detention case. This case is closed and there are no pending detention issues on reconsideration or appeal. Therefore, the requested injunctive relief is not "necessary or appropriate in aid of [the court's] jurisdiction[ ]" *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *13 (10th Cir. Oct. 21, 2026).

As explained above, Petitioner has not shown a substantial likelihood of succeeding on the merits. His Motion is therefore denied.

**IT IS THEREFORE ORDERED** that Petitioner's post-judgment Motion for Temporary Restraining Order (Doc 15) is **DENIED**.

_____________/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE